UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

YATAU HER,

        Petitioner,

v.                                   Case No. 10-C-717

MICHAEL THURMER,

        Respondent.

**ORDER**

Yatau Her, a prisoner at Waupun Correctional Institution serving a sentence imposed by a Minnesota court, brought a habeas corpus action under 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, I must screen the petition before ordering the respondent to answer.

Her challenges his conviction in a Minnesota state court on the grounds that he was not convicted within the 180-day deadline imposed by the Interstate Agreement on Detainers Act ("IADA").[1] He raised this challenge in Minnesota courts, which found that Her's guilty plea waived any challenge to an IADA violation. *State v. Yatau Her,* 2009 WL 1181918, *4 (Minn. Ct. App. 2009). The Minnesota Court of Appeals explained the facts as follows:

---

[1] A petitioner under § 2254 may generally bring an action in the state in which he is in custody or in the state in which the conviction occurred. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484 (1973). As such, venue in this Court is proper.

At a hearing on March 6, 2007, William Ward, the chief public defender for the judicial district encompassing Anoka County, represented appellant. Ward informed the district court that he was having difficulties finding counsel to be appointed for appellant, in part because of the case's complexity and because of conflict-of-interest issues raised by the number of codefendants involved in the pool-hall shooting. Ten days later, Ward represented appellant at another hearing. Ward stated that he had found a suitably skilled trial attorney to represent appellant, but the attorney could not try the case before late August 2007. But Ward noted that the principal difficulty with that trial schedule was that, pursuant to the IAD, appellant's trial needed to begin by July 8. Ward and the district court explained to appellant the advantages of having an experienced, respected defense attorney, despite having to wait for trial. Appellant agreed to waive the 180-day deadline. At a June 25, 2007 meeting in chambers, the state and appellant's new attorney agreed to a jury trial date of September 24; appellant was not present at the chambers meeting.

On August 21, 2007, the state moved for a continuance of trial based on a scheduling conflict between appellant's trial and that of a codefendant, whose trial was scheduled to start October 1. Appellant objected to the continuance. His attorney said that it was his impression his client had waived the 180-day deadline before he was appointed. But appellant was adamant that the deadline still applied. The district court stated that appellant had waived the deadline: "You may have been confused about the purpose for the waiver but it clearly was waived."

In November, appellant moved the district court to dismiss all the charges against him on the ground that he had not been brought to trial within the 180-day IAD period. At appellant's plea hearing, the district court denied the motion. Contrary to its earlier statement regarding waiver, the district court stated that appellant had not waived the deadline but that the district court had found good cause for the delay based on "the inability to get you a lawyer on board, and to get that lawyer prepared in time, your lawyer's schedule, this court's schedule, [and] the [codefendant's] trial that lasted 8 weeks starting October 1st."

*Id.* at *1-2.

Petitioner's central claim – that the state conviction violated the 180-day IADA period – is not cognizable in federal habeas corpus, which allows relief only when a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a mere violation of the 180-day period, without more, does not suffice. *Reed v. Farley,* 512 U.S.

2

339, 342 (1994) ("We hold that a state court's failure to observe the 120-day rule of IAD Article IV(c) is not cognizable under § 2254 when the defendant registered no objection to the trial date at the time it was set, and suffered no prejudice attributable to the delayed commencement.") Accordingly, Petitioner's principal claim will be dismissed.

Her also alleges his counsel was ineffective for failing file an interlocutory appeal on the IADA violation and failing to tell him that he was waiving any objection to a late trial by pleading guilty. At the outset, I note that it does not appear that this claim was exhausted in the state courts of Minnesota, as the court of appeals opinion cited above did not address such a claim. This is not surprising, however, because Her's claim would not make sense under the facts of this case. Most fundamentally, Her's ineffective assistance claim is undermined by the fact that the extension was allowed in order to obtain quality defense counsel. Before July 8, Her faced two choices: go to trial on time but with unprepared defense counsel, or delay and allow counsel to get up to speed on his case. He chose the latter. *State v. Yatau Her,* 2009 WL 1181918 at *1 ("Ward and the district court explained to appellant the advantages of having an experienced, respected defense attorney, despite having to wait for trial. Appellant agreed to waive the 180-day deadline.") Her seems to believe there was a third choice available to him: wait for the 180-day period to expire, obtain counsel, and then challenge the timeliness of the prosecution. But such a scenario would not be logical. If Her had wanted to insist on his 180-day deadline, he had to do so – he could not waive the deadline and then later claim his prosecution was untimely. Accordingly, any challenge to his counsel's performance in failing to appeal the issue or advise him that he could not appeal it after pleading guilty fails because any such challenge would have been fruitless. The same, of course, holds true with respect to the performance of any post-conviction counsel.

3

Accordingly, the petition is **DISMISSED**. I further certify that reasonable jurists could not debate the outcome and that Petitioner has not identified the denial of any constitutional rights. A certificate of appealability is therefore **DENIED**.

**SO ORDERED** this   25th   day of September, 2010.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge